United States District Court
Northern District of California

HICA EDUCATION LOAN

CORPORATION,

                    Plaintiff,

          v.

LAURENT E. WANNER,

                    Defendant.

Case No.: 1:12-cv-04156-NJV

**ORDER REASSIGNING CASE TO DISTRICT COURT JUDGE WITH REPORT AND RECOMMENDATION ON MOTION FOR DEFAULT JUDGMENT (Doc. No. 9)**

### ORDER REASSIGNING CASE TO DISTRICT COURT JUDGE

Plaintiff HICA Educational Loan Corp. ("HICA") filed this case in federal court and consented to the  jurisdiction of a magistrate judge pursuant to 28 U.S.C. § 636(c).  Defendant Laurent E. Wanner ("Wanner") has not appeared and has not consented to the undersigned's jurisdiction.  Accordingly, the undersigned orders that this case be reassigned to a district court judge, with the following Report and Recommendation on the pending motion for default judgment.

### REPORT ON MOTION FOR DEFAULT JUDGMENT

**I.  Legal Standards**

After entry of default, the court may enter a default judgment.  Fed. R. Civ. P. 55(b).  The decision to grant or deny a default judgment is within the court's discretion.  *See Alan Neuman Prods., Inc. v. Albright*, 862 F.2d 1388, 1392 (9th Cir. 1988).  The court first must look into its jurisdiction over both the subject matter and the parties.  *In re Tuli*, 172 F.3d 707, 712 (9th Cir. 1999).  The court also "must assess the adequacy of the service of process on the party against whom default judgment is requested."  *Board of Trustees of the N. Cal. Sheet Metal Workers v. Peters*, 2000 U.S. Dist. LEXIS 19065, *2 (N.D. Cal. Jan. 2, 2001).

Once the court determines that jurisdiction exists and service was sufficient, it may consider the following factors when exercising its discretion to enter a default judgment:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action, (5) the possibility of a dispute concerning material facts, (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986).  Upon default, all factual allegations in the complaint are taken as true, except those relating to damages.  *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987) (quoting *Geddes v. United Financial Group*, 599 F.2d 557, 560 (9th Cir. 1977)).

## II.  Background

Wanner applied for a promissory note under the HEAL Program on January 16, 1995 (the "Note").  Doc. No. 1 (Compl.) at ¶ 5 & Ex. 1 at 1.  The Note was issued by the Student Loan Marketing Association.  *Id*.  The Note lists three loans with current balances totaling $38,620.55.  *Id*.; *but see* Compl. at ¶ 5 (alleging original amount of loan is $39,465.77) & Doc. No. 9-2 (Zimmerman Decl.) at ¶ 2 (original amount of loan is $39,465.77).  The Note required Wanner to repay the amount loaned, including interest on the principal, and provided for late charges if a scheduled payment was late.  Doc. No. 1 (Compl.), Ex. 1.  On November 24, 2003, the Student Loan Marketing Association assigned, transferred and conveyed the Note to HICA.  Doc. No. 5 at ¶ 7 & Ex. 1 at 3.

Wanner failed to make the payments due and owing under the terms of the Note.  *Id*. at ¶ 8.  HICA has not been paid for the sums due and owing under the terms of the Note, which as of April 24, 2012, totaled $40,046.58 in unpaid principal, $7,900.07 in unpaid interest, and $114.69 in unpaid late charges.  *Id*. at ¶ 11.  As of September 27, 2012, the unpaid interest totaled $8,434.58.  Doc. No. 9-2 (Zimmerman Decl.) at ¶ 2.

HICA filed this action on August 7, 2012.  Doc. No. 1.  HICA personally served Wanner at a Crescent City address on August 21, 2012.  Doc. No. 6.  Default was entered against Wanner

United States District Court
Northern District of California

on October 11, 2012, after he failed to respond to the complaint.  Doc. No. 8.  HICA filed its motion for default judgment and served Wanner with a copy of the motion by mail on October 19, 2012.  Doc. No. 9.  HICA seeks all unpaid principal and interest, late charges, and post-judgment interest at the contractual rate agreed to by the parties.

**III.  Analysis**

**A.     Default Judgment Is Appropriate In This Instance.**

**1.       Subject matter and personal jurisdiction exist.**

The complaint alleges a claim under the United States Health Education Assistance Loan ("HEAL") Program, 42 U.S.C. §§ 292, *et seq.* and 42 C.F.R. Part 60.  The district court therefore has jurisdiction over the matter pursuant to 28 U.S.C. § 1331.  *See HICA Ed. Loan Corp. v. Eslao*, 2012 U.S. Dist. LEXIS 56754, *4 (N.D. Cal. March 7, 2012) (finding claim for repayment of HICA loan arises under federal law).  Wanner maintains a residence in this district (Doc. No. 1 at ¶¶ 2, 4) and therefore is subject to the district court's personal jurisdiction. *Id.*

**2.       Service of process was adequate.**

Delivering a copy of the summons and complaint to the individual being sued is an adequate means of serving process on that individual.  *See* Fed. R. Civ. P. 4(e)(2)(a).  The proof of service HICA filed with the court establishes that a process server personally delivered the summons and complaint to Wanner on August 21, 2012.  Doc. No. 6.  In addition, HICA represents that Wanner is not a minor, incompetent to handle his own affairs, nor a member of the military.  *See* Doc. No. 9-2 (Zimmerman Decl.) at ¶¶ 3-4.  Service of process on Wanner was adequate.

**3.       The *Eitel* Factors favor default judgment.**

**a.  There is a possibility of prejudice to HICA**

HICA, as the holder of the Note, would be prejudiced absent entry of default judgment because it will be left without a remedy to collect the funds it is owed under the Note.  *See, e.g., HICA Ed. Loan Corp. v. Warne*, 2012 U.S. Dist. LEXIS 49138, **4-5 (N.D. Cal. April 6, 2012).  The first *Eitel* factor favors default judgment.

3

United States District Court
Northern District of California

### b. & c.  The complaint is sufficiently pleaded and appears meritorious

"'In a suit on a promissory note, the initial burden in on plaintiff to establish, through verified pleadings and exhibits in evidence, the existence of the note, defendant's default and the amount due.'"  *HICA*, 2012 U.S. Dist. LEXIS 49138 at *5 (citations omitted).  As noted above, the liability allegations of the complaint are taken as true on default judgment.  HICA alleges that Wanner signed the Note, that HICA is the holder of the Note and is entitled to payment thereunder, that Wanner defaulted under the terms of the Note, and that HICA suffered damages as a result of the default.  HICA has adequately stated a claim under the Note.  HICA also has submitted the declaration of Robin Zimmerman, a Senior Litigation Analyst for HICA's servicing agent.  *See* Doc. No. 9-2.  Zimmerman reviewed Wanner's HICA account, and Zimmerman's declaration further establishes the existence of the Note, Wanner's default thereunder, and the merits of HICA's claim.  The second and third *Eitel* factors also favor default judgment.

### d.  The amount of money at stake is reasonably proportionate to the harm caused by Wanner's default on the loan

When the sum of money at issue is reasonably proportionate to the harm caused by the defendant's actions and supported by proper documentation and evidence in the record, default judgment is appropriate.  *Truong Giang Corp. v. Twinstar Tea Corp.*, 2007 WL 1545173, at *12 (N.D. Cal. May 29, 2007).  In its complaint, HICA alleges that Wanner owes $40,046.58 in unpaid principal (HEAL authorizes HICA to add unpaid accrued interest to the principal "not more frequently than every six months"), $7,900.07 in accrued, unpaid interest as of April 24, 2012 (with interest continuing to accrue at a variable rate of $3.43 per day), and unpaid late charges in the amount of $114.69.  Doc. No. 1 at ¶ 11 & n.2.  Zimmerman reviewed Wanner's account and computed the amounts due and owing as of September 27, 2012 as follows: $40,046.58 in unpaid principal, $8,434.59 in accrued, unpaid interest (with interest continuing to accrue at a variable rate of $3.42 per day[1]), and late charges in the amount of $114.59.  The

---

[1] The Note specifies that the interest on the principal will be calculated using a variable interest rate, "which may not exceed a variable rate calculated by the Secretary of the Department of Health and Human Services for each calendar quarter, and computed by determining the average of the bond equivalent rates for the ninety-one day U.S. Treasury Bills auctioned during the

United States District Court
Northern District of California

1  undersigned will address the specific relief requested in Section B, *infra*, but finds generally that

2  the amount of damages HICA requests in its complaint (1) is supported by proper documentation,

3  and (2) is reasonably proportionate to the harm caused by Wanner's failure to repay the Note.

4  The undersigned finds this *Eitel* factor weighs in favor of default judgment.

5  **e.  There is little possibility of dispute concerning material facts**

6  Although Wanner has not filed an answer to the complaint nor opposed the motion for

7  default judgment (which HICA served on Wanner), the Complaint and the Zimmerman

8  Declaration attached to the motion for default judgment demonstrate that the possibility of dispute

9  concerning the material facts of the complaint is small.  *See* Docs. No. 1 & 9-2.  HICA's claim is

10  straightforward, and is supported by documentary evidence.  This factor also weighs in favor of

11  default judgment.

12  **f.  It does not appear that Wanner's default was due to excusable neglect**

13  HICA personally served Wanner with the summons and complaint on August 21, 2012.

14  Wanner did not make an appearance or participate in any manner in this action. There is no

15  indication that Wanner has a valid reason for failing to respond to the complaint.  HICA also

16  served Wanner with a copy of its motion for default judgment (Doc. No. 9-1 at 3), but Wanner

17  failed to oppose the motion.  This suggests that the possibility that default resulted from Wanner's

18  excusable neglect is small.  This *Eitel* factor also weighs in favor of default judgment.

19  **g.  The policy for deciding on the merits does not preclude default judgment**

20  The Federal Rules favor a decision on the merits whenever possible (*Eitel*, 782 F.2d at

21  1472), and thus this factor by definition weighs against granting default judgment.  But where a

22  defendant fails to respond to a complaint, a decision on the merits is impractical, if not

23  impossible.  Ultimately, the preference to decide the cases on the merits does not preclude a court

24  from granting default judgment.  *See, e.g., PepsiCo, Inc. v. Cal. Security Cans*, 238 F. Supp. 2d

25  1172, 1177 (C.D. Cal. 2002).

26

27

28  preceding quarter, plus three percent, rounding this figure up to the nearest 1/8 of 1 percent".
Doc. No. 1 (Compl.), ¶ 11 n.3 & Ex. 1 at 2.

**B.      HICA has not sufficiently established its damages.**

A plaintiff must go beyond the allegations of the complaint and prove up its damages on default.  *See Board of Trustees of the Boilermaker Vacation Trust v. Skelly, Inc.*, 389 F. Supp. 2d 1222, 1226 (N.D. Cal. 2005).  Although HICA has established that default judgment would be appropriate, the undersigned finds that at this point, it has not sufficiently established the amount of damages to which it is entitled.

First, the complaint alleges that the original principal amount of the Note was $39,465.77 (Doc. No. 1 at ¶ 5), but the copy of the Note attached to the complaint shows it is being issued to cover obligations in the amount of $38,620.55 (*id.*, Ex. 1 at 1).  Zimmerman also declares, without any documentary support or detailed explanation, that the original principal amount of the Note is $39,465.77.  There is insufficient evidence before the court to establish that Wanner's original loan obligation exceeds the $38,620.55 that appears on the face of the Note.

Second, if, as it appears, HICA improperly used the higher original principal amount to calculate the "unpaid principal" and "accrued, unpaid interest" figures, the interest should be recalculated using the lower $38,620.55 original principal.

Finally, HICA requests post-judgment interest be awarded at the contractual variable rate agreed to by the parties.  Doc. No. 9-1 at ¶ 4, n.1.  Federal statutes preclude any law limiting the rate or amount of interest payable on this HEAL loan, and HICA therefore requests that interest continue to accrue post-judgment at that variable rate.  *See* 42 U.S.C. § 292d(d) ("No provision of any law of the United States (other than subsections (a)(2)(D) and (b) of this section) or any State that limits the rate or amount of interest payable on loans shall apply to a loan insured under this subpart").  HICA, however, does not identify what that rate is currently (HICA uses a per diem rate of $3.43 in the complaint, while Zimmerman uses a per diem rate of $3.42).

### RECOMMENDATION

For the foregoing reasons, the undersigned recommends that the district court order HICA to provide additional evidence regarding its damages:  HICA either should provide evidence that the original principal amount was  $39,465.77, or properly recalculate the "unpaid principal" and "accrued, unpaid interest" due under the Note based on an original loan amount of $38,620.55.  In

United States District Court
Northern District of California

addition, the undersigned recommends that HICA specify the post-judgment rate numerically in order to allow the district court to include that rate in its order in the event it grants the motion for default judgment.  Upon satisfactory resolution of these issues, the undersigned recommends that HICA's motion for default judgment be granted.

Any party may file objections to this report and recommendation with the district court within fourteen (14) days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1)(B) & (C); Fed. R. Civ. Proc. 72(b); Civil L.R. 72-3.  Failure to file objections within the specified time may waive the right to appeal the court's order.

Dated:  October 31, 2012

_____
Nandor J. Vadas
United States Magistrate Judge