UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| HICA EDUCATION LOAN CORPORATION,<br><br>              Plaintiff,<br><br>   vs.<br><br>LAURENT E. WANNER,<br><br>              Defendant. | Case No:  C 12-4156 SBA<br><br>**ORDER ACCEPTING REPORT AND RECOMMENDATION AND ENTERING DEFAULT JUDGMENT**<br><br>Dkt. 25 |

On August 7, 2012, Plaintiff HICA Educational Loan Corp. ("HICA") filed the instant action to recover the unpaid balance of a student loan made to Defendant Laurent E. Wanner. Dkt. 1. Upon filing, the action was assigned to Magistrate Judge Nandor Vadas ("the Magistrate"). Defendant did not file an answer or otherwise respond to the Complaint. Thus, at Plaintiff's request and in accordance with Federal Rule of Civil Procedure 55(a), the Clerk entered default against Defendant on October 11, 2012. Dkt. 8.

On October 19, 2012, HICA filed a motion for default judgment. Dkt. 9. On October 31, 2012, the Magistrate issued a report and recommendation on the motion for default judgment in which he recommended that the Court order Plaintiff to supplement its claim for damages. Dkt. 11. The case was reassigned to the undersigned, who accepted the Magistrate's recommendation. Dkt. 21. HICA provided the supplemental information and the matter was referred to the Magistrate for a further report and recommendation. Dkt. 23.

On February 5, 2013, the Magistrate issued a second report and recommendation in which he found that HICA had satisfactorily substantiated its damage calculations. Dkt. 25. The salient portion of the Magistrate's order states:

> For the reasons stated above and in Doc. No. 11, the undersigned recommends that judgment in favor of HICA and against Wanner be entered as follows:
>
> (1) Unpaid principal in the amount of $40,046.58;
>
> (2) Accrued unpaid interest through November 28, 2012 in the amount of $8,647.03;
>
> (3) Accrued unpaid interest between November 29, 2012 and January 31, 2013 in the amount of $215.46;
>
> (4) Accrued unpaid interest between February 1, 2013 and the date the district court enters judgment in the amount of $3.42 per day;
>
> (5) Post-judgment interest at the variable rate agreed upon by the parties, to wit, "the ninety-one day U.S. Treasury Bill auctioned during the preceding quarter, plus three percent, rounding this figure up to the nearest one-eighth of one percent." See Doc. No. 22 at ¶ 9. As of November 28, 2012, that rate was 3.125%, but will vary if the rate of the ninety-one day U.S. Treasury Bill fluctuates.

Dkt. 25 at 2.

The deadline to file an objection to the report and recommendation was February 19, 2013. See Fed. R. Civ. P. 6(a)(1), 72(b). No objections have been filed in this case. In the absence of a timely objection, the Court "need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72, Advisory Committee Notes (1983) (citing Campbell v. U.S. Dist. Court, 501 F.2d 196, 206 (9th Cir. 1974)); see also United States v. Reyna-Tapia, 328 F.3d 1114, 1121 (9th Cir. 2003) ("The statute [28 U.S.C. § 636(b)(1)(C)] makes it clear that the district judge must review the magistrate judge's findings and recommendations de novo *if [an] objection is made*, but not otherwise.") (en banc). The Court has reviewed the record on its face and finds no clear error. Accordingly,

IT IS HEREBY ORDERED THAT the Magistrate's second report and recommendation (Dkt. 25) is ACCEPTED and HICA's motion for default judgment is GRANTED.  The Clerk shall enter judgment in accordance with the Magistrate's second report and recommendation.  The Clerk shall close the file and terminate all pending matters.

IT IS SO ORDERED.

Dated: September 13, 2013

_____
SAUNDRA BROWN ARMSTRONG
United States District Judge